**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLEN VALADEZ,<br><br>                Plaintiff,<br><br>        v.<br><br>COUNTY OF KERN; and DOES 1-10, inclusive,<br><br>                Defendants. | **COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment, Unlawful Detention and Arrest (42 U.S.C. § 1983)<br>2. Fourth Amendment, Excessive Force (42 U.S.C. § 1983)<br>3. Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983)<br>4. Municipal Liability, Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>5. Municipal Liability, Failure to Train (42 U.S.C. § 1983)<br>6. Municipal Liability, Ratification (42 U.S.C. § 1983)<br>7. Battery<br>8. Negligence<br>9. Violation of Bane Act (Cal. Civ. Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This federal civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the excessive use of force against Plaintiff on April 8, 2025.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

4. At all relevant times, Plaintiff Arlen Valadez ("Plaintiff") was an individual residing in the County of Kern, California and seeks damages to the extent permitted by law.

5. At all relevant times, Defendant COUNTY OF KERN ("COUNTY") is and was a municipal corporation existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Kern County Sheriff's Department ("KCSD") and its agents and employees.  At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the KCSD and its employees and

COMPLAINT FOR DAMAGES

agents complied with the laws of the United States and of the State of California.  At all relevant times, COUNTY was the employer of DOES 1-10.

6.    Defendants DOES 1-10 ("DOE DEPUTIES") are sheriff's deputies working for COUNTY, by and through the KCSD.  At all relevant times, DOE DEPUTIES were acting under color of law and within the course and scope of their employment with the KCSD and COUNTY.  At all relevant times, DOE DEPUTIES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

7.    On information and belief, at all relevant times DOES 1-10 were residents of the County of Kern, California.

8.    In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE DEPUTIES were acting on the implied and actual permission and consent of Defendant COUNTY.

9.    The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names.  Plaintiff will seek leave to amend her complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

10.    DOES 1-10 are sued in their individual capacities.

11.    At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

12.    All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or

-2-
COMPLAINT FOR DAMAGES

employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13.    Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

14.    On April 8, 2025, Plaintiff and her son were at a restaurant in Lamont, California, outside of Bakersfield.

15.    While at the restaurant, Plaintiff began to experience an anxiety attack and/or other mental health crisis which, on information and belief, was triggered by the anniversary of the death of Plaintiff's younger brother.

16.    Plaintiff's son became concerned for Plaintiff's wellbeing and called 911 to request mental health assistance for Plaintiff.

17.    Deputies from the KCSD, including Defendants DOE DEPUTIES, arrived in response to the call.

18.    Shortly after arrival, Defendants DOE DEPUTIES roughly handcuffed Plaintiff with her hands behind her back, and caused her to fall to the ground. As a result of DOE DEPUTIES' uses of force against Plaintiff, Plaintiff's clavicle was broken.

19.    On information and belief, despite the nature of the call seeking help for Plaintiff because she was experiencing a mental health crisis, Defendants DOE DEPUTIES failed to summon mental health assistance or de-escalate the encounter with Plaintiff, and instead escalated it, leading to their uses of excessive force against her.

20.    On information and belief, at the time of Defendants DOE DEPUTIES' uses of force and arrest, Plaintiff had committed no crime, posed no immediate threat of harm to DOE DEPUTIES or anyone else, made no furtive movements that would suggest to a reasonable officer that she was attempting or intending to inflict

harm on DOE DEPUTIES or anyone else, was not attempting to flee, and was unarmed.

21. On information and belief, Defendants DOE DEPUTIES had no information that Plaintiff had ever previously committed any crime, had any criminal history, or had ever physically harmed anyone.

22. On information and belief, despite Plaintiff's significant injuries as a result of Defendants DOE DEPUTIES' uses of force against her, DOE DEPUTIES did not provide or timely summon medical care for Plaintiff, thereby contributing to and exacerbating her injuries, and instead transported her to jail.

23. As a result of Defendants DOE DEPUTIES' conduct, Plaintiff suffered significant physical pain and suffering, as well as embarrassment, humiliation, and emotional distress.

24. On October 6, 2025, Plaintiff filed comprehensive and timely claims for damages with the County of Kern pursuant to applicable sections of the California Government Code.  These claims were rejected on November 17, 2025.

### FIRST CLAIM FOR RELIEF

**Fourth Amendment – Unlawful Detention and Arrest (42 U.S.C. § 1983)**

**(Plaintiff against Defendants DOES 1-10)**

25. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

26. On information and belief, Defendants DOE DEPUTIES did not observe Plaintiff commit any crime during the incident, and no crime was reported beforehand.

27. When Defendants DOE DEPUTIES grabbed Plaintiff, she was not free to leave. DOE DEPUTIES subsequently placed Plaintiff under arrest, handcuffing her, placing her in a police vehicle, and transporting her to jail.

COMPLAINT FOR DAMAGES

28.    Defendants DOE DEPUTIES had no reasonable suspicion upon which to detain Plaintiff, and no probable cause to arrest her for any crime. The detention and arrest were unlawful.

29.    In addition to the detention and arrest being unreasonable, the scope and manner of same were also unreasonable, as it was not necessary to use any force against Plaintiff, let alone the significant force that Defendants DOE DEPUTIES used against her.

30.    As a result of their misconduct, Defendants DOE DEPUTIES are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

31.    As a result of Defendants DOE DEPUTIES' unlawful detention and arrest of Plaintiff, Plaintiff suffered significant physical pain and suffering, emotional distress, embarrassment, and humiliation.

32.    The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to these Defendants.

33.    As a result of their violation of Plaintiff's Fourth Amendment rights, Defendants DOE DEPUTIES are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

34.    Plaintiff also seeks statutory attorney's fees and costs under this claim.

/ / /

/ / /

## SECOND CLAIM FOR RELIEF

### Fourth Amendment – Excessive Force (42 U.S.C. § 1983)

### (Plaintiff against Defendants DOES 1-10)

35.   Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

36.   At the time Defendants DOE DEPUTIES used force against Plaintiff, Plaintiff had not committed any crime, did not pose any threat of harm to DOE DEPUTIES or others, and was unarmed.

37.   On information and belief, Defendants DOE DEPUTIES provided no verbal warning to Plaintiff that DOE DEPUTIES would use force against her prior to using force.

38.   The unreasonable use of force by Defendants DOE DEPUTIES deprived Plaintiff of her right to be secure in her person against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

39.   As a result, Plaintiff suffered extreme pain and suffering and injury.

40.   As a result of the conduct of Defendants DOE DEPUTIES, DOE DEPUTIES are liable for Plaintiff's injuries because DOE DEPUTIES were integral participants in the use of excessive force.

41.   The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to these Defendants.

42.   As a result of their violations of Plaintiff's Fourth Amendment rights, Defendants DOE DEPUTIES are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief,

-6-
COMPLAINT FOR DAMAGES

anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

43.    Plaintiff also seeks statutory attorney's fees and costs under this claim.

### THIRD CLAIM FOR RELIEF

### Fourth Amendment – Denial of Medical Care (42 U.S.C. § 1983)

### (Plaintiff against Defendants DOES 1-10)

44.    Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

45.    On information and belief, following Defendants DOE DEPUTIES' uses of excessive force against Plaintiff, Plaintiff communicated to DOE DEPUTIES that she was in pain, and she was in clear need of urgent medical treatment.

46.    On information and belief, Defendants DOE DEPUTIES did not provide or obtain medical attention for Plaintiff during the incident or promptly thereafter, despite their uses of significant force against her and her resulting injuries.

47.    The denial of medical care by Defendants DOE DEPUTIES deprived Plaintiff of her right to be secure in her persons against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

48.    As a result, Plaintiff suffered significant mental and physical pain, exacerbated as a result of the failure to provide medical care.

49.    The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights of Plaintiff therefore warrants the imposition of exemplary and punitive damages as to these Defendants.

50.    As a result of their violation of Plaintiff's Fourth Amendment rights, Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C.

§ 1983, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

51.   Plaintiff also seeks statutory attorney's fees and costs under this claim.

### FOURTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom, Practice, or Policy**

**(42 U.S.C. § 1983)**

**(Plaintiff against Defendant COUNTY)**

52.   Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

53.   Defendants DOE DEPUTIES acted under color of law. The acts of DOE DEPUTIES deprived Plaintiff of her particular rights under the United States Constitution.

54.   When Defendants DOE DEPUTIES unlawfully detained and arrested Plaintiff, used excessive force against Plaintiff, and denied Plaintiff prompt and necessary medical care after using excessive force against her, DOE DEPUTIES acted pursuant to an expressly adopted official policy or a longstanding custom or practice of Defendant COUNTY.

55.   On information and belief, Defendants DOE DEPUTIES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the incident described herein.

56.   COUNTY policymakers and supervisors maintained, inter alia, the following unconstitutional customs, practices, and/or policies:

      a.   Using excessive force;

      b.   Providing inadequate training regarding the use of force, including take-downs;

c.   Providing inadequate training with respect to handling situations involving individuals who are mentally ill or experiencing mental health crises, and with respect to de-escalating situations involving same;

d.   Employing and retaining as sheriff's deputies individuals such as Defendants DOE DEPUTIES, who, on information and belief, Defendant COUNTY knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

e.   Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies and other personnel, including Defendants DOE DEPUTIES, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including a failure to train with respect to the use of force and de-escalating situations involving mentally ill individuals;

f.   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY deputies;

g.   Failing to adequately discipline COUNTY deputies for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct; and

h.   Announcing that unjustified uses of force are "within policy," including uses of force that were later determined in court to be unconstitutional.

-9-
COMPLAINT FOR DAMAGES

57.    Defendant COUNTY, together with various officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, COUNTY condoned, tolerated and through actions and inactions thereby ratified such policies.  Said Defendant also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

58.    The aforementioned official policies, practices, and customs of Defendant COUNTY caused the deprivation of Plaintiff's rights by Defendants DOE DEPUTIES; that is, COUNTY's unlawful policies, practices, and customs are so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

59.    The following are a few examples of continued misconduct by COUNTY sheriff's deputies, which indicate Defendant COUNTY's maintenance of the unlawful policies, practices, and customs alleged above:

a.    In *Silva v. County of Kern*, Case No. 1:13-CV-01051-LJO-JLT, the County of Kern settled with a decedent individual's successors in interest for $3,400,000 after an incident where the individual in KCSO custody was beaten and asphyxiated;

b.    In *The People of the State of California, Ex Rel. Xavier Becerra, Attorney General of the State of California v. County of Kern*, Case No. BCV-20-102971, after a four-year-long investigation, the California Department of Justice filed suit against the County of Kern Sheriff's Department for constitutional violations stemming from the KCSD having one of the highest rates of shootings by police officers of any county in the United States. As part of the settlement agreement, KCSD was required to

-10-
COMPLAINT FOR DAMAGES

review and revise its use of force policies, specifically requiring that lethal force be used as a last resort and that deputies must, before using lethal force, when feasible, exhaust all other means reasonably available under the circumstances, including de-escalation techniques and strategies.

c.   In *Ledesma v. Kern County*, Case No. 1:14-cv-01634-DAD-JLT, Defendant Kern County reached a settlement agreement on a § 1983 excessive force claim with a decedent individual's successors in interest for $1,000,000 after decedent died following an interaction with Kern County sheriff's deputies.

d.   In *Lewis v. Kern County*, Case No. 1:21-cv-00378-KES-CDB, in March of 2025, a unanimous jury awarded the successors-in-interest of decedent Mickel Lewis Sr. a total of $30.5 million, based on its finding that Kern County sheriff's deputy Jason Ayala used excessive and unreasonable force by fatally shooting the decedent in October of 2020.

60.   Defendant COUNTY was deliberately indifferent to the obvious consequences of its maintenance of these official policies, practices, and customs.

61.   By reason of the aforementioned acts and omissions of Defendant COUNTY, Plaintiff has suffered significant pain and suffering, emotional distress, embarrassment, and humiliation.

62.   As a result of their violation of Plaintiff's rights, Defendant COUNTY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

63.   Plaintiff also seeks statutory attorney's fees and costs under this claim.

-11-
COMPLAINT FOR DAMAGES

**<u>FIFTH CLAIM FOR RELIEF</u>**

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

**(Plaintiff against Defendant COUNTY)**

64.    Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

65.    Defendants DOE DEPUTIES acted under color of law. The acts of DOE DEPUTIES deprived Plaintiff of her particular rights under the United States Constitution.

66.    The unconstitutional detention and arrest of, and use of excessive force against, Plaintiff by Defendants DOE DEPUTIES was the result of the improper and inadequate training by Defendant COUNTY, which failed to train COUNTY sheriff's deputies as to proper detention and arrest procedures, proper police tactics, and proper use of force. COUNTY was responsible for the training of COUNTY sheriff's deputies to ensure that the actions, procedures and practices of said Defendants complied with Peace Officer Standards and Training (POST) training standards regarding proper police tactics, proper detentions and arrests, and proper use of force. POST was established by the California Legislature in 1959 to set minimum training standards for California police officers.

67.    The training policies of Defendant COUNTY were not adequate to train its sheriff's deputies to handle the usual and recurring situations with residents that its deputies, including Defendants DOE DEPUTIES, have contact with.

68.    The training policies of Defendant COUNTY were deficient in the following ways:

      a.    Defendant COUNTY failed to properly train COUNTY sheriff's deputies regarding the requirement of reasonable suspicion in order to detain members of the public and the requirement of probable cause to conduct an arrest;

-12-
COMPLAINT FOR DAMAGES

    b.    Defendant COUNTY failed to properly train COUNTY sheriff's deputies so that deputies do not escalate their interactions with members of the public and do not overreact and resort to use of force when the use of force was not necessary;

    c.    Defendant COUNTY failed to properly train COUNTY sheriff's deputies in the use of effective communication prior to using force. Because of the lack of proper training by the COUNTY, Defendants DOE DEPUTIES did not use effective communication prior to and during the use of force against Plaintiff;

    d.    Defendant COUNTY failed to properly train COUNTY sheriff's deputies regarding standard procedures to be used, and de-escalation techniques to be employed, when responding to mental health calls or when otherwise interacting with individuals who reasonably appear to be mentally ill or experiencing mental health crises; and

    e.    Defendant COUNTY failed to properly train COUNTY sheriff's deputies regarding proper use of takedown maneuvers when detaining or arresting individuals, particularly when such individuals' hands are behind their backs, including regarding the high risk of serious injury to such individuals from falling, and regarding methods for mitigating such risks.

69. The failure of Defendant COUNTY to provide adequate training caused the deprivation of Plaintiff's rights by Defendants DOE DEPUTIES; that is, COUNTY's failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

70. Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

COMPLAINT FOR DAMAGES

71. By reason of the aforementioned acts and omissions of Defendant COUNTY, Plaintiff has suffered significant pain and suffering, emotional distress, embarrassment, and humiliation.

72. As a result of their violation of Plaintiff's rights, Defendant COUNTY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

73. Plaintiff also seeks statutory attorney's fees and costs under this claim.

### SIXTH CLAIM FOR RELIEF

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

**(Plaintiff against Defendant COUNTY)**

74. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

75. Defendants DOE DEPUTIES acted under color of law. The acts of DOE DEPUTIES deprived Plaintiff of her particular rights under the United States Constitution.

76. On information and belief, a final policymaker for Defendant COUNTY, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE DEPUTIES, ratified these Defendants' acts and the bases for them. The final policymaker for COUNTY knew of and specifically approved of these Defendants' acts.

77. On information and belief, a final policymaker for Defendant COUNTY has determined that the acts of Defendants DOE DEPUTIES were "within policy."

COMPLAINT FOR DAMAGES

78.   By reason of the aforementioned acts and omissions of Defendant COUNTY, Plaintiff has suffered significant pain and suffering, emotional distress, embarrassment, and humiliation.

79.   As a result of its violation of Plaintiff's rights, Defendant COUNTY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

80.   Plaintiff also seeks statutory attorney's fees and costs under this claim.

## SEVENTH CLAIM FOR RELIEF

### Battery (Cal. Gov. Code § 820 and California Common Law)

### (Plaintiff against All Defendants)

81.   Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

82.   Defendants DOE DEPUTIES, while working as sheriff's deputies for Defendant COUNTY and acting within the course and scope of their duties, intentionally used force against Plaintiff, including by forcibly handcuffing her and causing her to fall to the ground while restrained.

83.   Defendants DOE DEPUTIES had no legal justification for using any force against Plaintiff, let alone this significant force, and said Defendants' uses of force while carrying out their duties were unreasonable, especially since Plaintiff was not an imminent threat to DOE DEPUTIES or anyone else and had committed no crime.

84.   Defendants DOE DEPUTIES' uses of force were also unreasonable because there were less intrusive options readily available.

-15-
COMPLAINT FOR DAMAGES

85.    By reason of the aforementioned acts and omissions of Defendants DOE DEPUTIES, Plaintiff has suffered significant pain and suffering, emotional distress, embarrassment, and humiliation.

86.    Defendant COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

87.    As a result of their violation of Plaintiff's rights, Defendants are liable to Plaintiff for compensatory damages under California law, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

## EIGHTH CLAIM FOR RELIEF

### Negligence (Cal. Gov. Code § 820 and California Common Law)

### (Plaintiff against All Defendants)

88.    Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

89.    The actions and inactions of Defendants were negligent, including but not limited to:

a.    The failure to properly and adequately assess the need to detain, arrest, and use force against Plaintiff.

b.    Detaining, arresting, and using significant force against Plaintiff without any legitimate basis.

c.    The negligent failure to provide and or summon prompt medical care to Plaintiff.

-16-

COMPLAINT FOR DAMAGES

d.   Failure to properly train and supervise employees, including Defendants DOES 1-10.

90.   By reason of the aforementioned acts and omissions of Defendants, Plaintiff has suffered significant pain and suffering, emotional distress, embarrassment, and humiliation.

91.   Defendant COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

92.   As a result of their violation of Plaintiff's rights, Defendants are liable to Plaintiff for compensatory damages under California law, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

## NINTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civ. Code § 52.1)

### (Plaintiff against All Defendants)

93.   Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

94.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (including by the use of unconstitutionally excessive force, unlawful detention, and unlawful arrest).

95.   The Bane Act, the United States Constitution, the California Constitution, and California common law prohibit the use of excessive force, wrongful detention and arrest, and denial of medical care by law enforcement.

-17-

COMPLAINT FOR DAMAGES

96.    Defendants DOE DEPUTIES acted with a reckless disregard for Plaintiff's constitutional rights when they unlawfully detained and arrested her, forcibly handcuffed her, and caused her to fall to the ground with her hands restrained, when Plaintiff had committed no crime, harmed nobody, and did not pose an immediate threat to anyone.

97.    Defendants DOE DEPUTIES' uses of force against Plaintiff were excessive and unreasonable under the circumstances.

98.    The conduct of Defendants DOE DEPUTIES was a substantial factor in causing the harm, losses, injuries, and damages of Plaintiff.

99.    By reason of the aforementioned acts and omissions of Defendants, Plaintiff has suffered significant pain and suffering, emotional distress, embarrassment, and humiliation.

100.   Defendant COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

101.   As a result of their violation of Plaintiff's rights, Defendants are liable to Plaintiff for compensatory damages under California law, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

102.   The conduct of Defendants DOE DEPUTIES were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages as to these Defendants.

103.   Plaintiff also seeks statutory attorney fees and costs under this claim, as well as a multiplier pursuant to Cal. Civ. Code § 52 *et seq.*

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff ARLEN VALADEZ requests entry of judgment in her favor and against Defendants COUNTY OF KERN and DOES 1-10, inclusive, as follows:

    A.    For compensatory damages under federal and state law, in an amount to be proven at trial;

    B.    For other general damages in an amount according to proof at trial;

    C.    For other non-economic damages in an amount according to proof at trial;

    D.    For other special damages in an amount according to proof at trial;

    E.    For punitive damages against the individual defendants in an amount to be proven at trial;

    F.    Attorney's fees pursuant to 42 U.S.C. § 1988;

    G.    Attorney's fees and costs pursuant to Cal. Civ. Code § 52.1(h), and a multiplier pursuant to Cal. Civ. Code § 52 et seq;

    H.    For interest;

    I.    For reasonable costs of this suit; and

    J.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED: May 6, 2026        **LAW OFFICES OF DALE K. GALIPO**

By:   */s/ Dale K. Galipo*

        DALE K. GALIPO
        BENJAMIN S. LEVINE
        Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiff named herein hereby demands a trial by jury.

DATED: May 6, 2026                **LAW OFFICES OF DALE K. GALIPO**


By:   */s/ Dale K. Galipo*

DALE K. GALIPO
BENJAMIN S. LEVINE
Attorneys for Plaintiff

-20-
COMPLAINT FOR DAMAGES