UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLEN VALDEZ, | NO.  1:26–CV–03542–KES–CDB |
| Plaintiff, | ORDER SETTING MANDATORY SCHEDULING CONFERENCE |
| vs. | DATE:  August 5, 2026 |
| COUNTY OF KERN, | TIME:  09:30 AM |
| Defendants. | CHRISTOPHER D. BAKER U.S. MAGISTRATE JUDGE |

Rule 16, Federal Rules of Civil Procedure ("Fed. R. Civ. P."), requires the Court to enter a Scheduling Conference Order within 90 days of the date of the Complaint being served upon the defendant.  Accordingly, it is HEREBY ORDERED that you appear for a Scheduling Conference before United States Magistrate Judge Christopher D. Baker, at the United States Courthouse, 510 19th Street, Bakersfield, CA 93301.

The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint.  Accordingly, plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims.  Plaintiff(s) shall complete service of summons and complaint consistent with Fed. R. Civ. P. 4 and promptly file proofs of service so the Court has a record of service.  Failure to timely serve the summons and complaint may result in the imposition of sanctions, including the dismissal of unserved defendants.

Due to the mandates of Rule 16, the Court may serve this Order upon plaintiff(s) before appearances of defendant(s) are due.  Accordingly, it is HEREBY ORDERED plaintiff(s) shall serve a copy of this Order on

1

the defendant(s), or, if identified, on their counsel, **promptly** upon receipt of this Order, and to file an appropriate proof of such service with the Court, in compliance with Rule 135(a) of the Local Rules of Practice for the Eastern District of California.

Attendance at the Scheduling Conference is mandatory for all parties. Parties may appear by their counsel, if represented.  If a party is not represented by counsel, they must appear personally at the Scheduling Conference.  Only counsel who are thoroughly familiar with the facts and the law of the instant case and who have full authority to bind his or her client shall appear.  Trial counsel should participate in this Scheduling Conference whenever possible.  Counsel should plan to spend up to thirty (30) minutes in the Scheduling Conference.

A Joint Scheduling Report, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF, one (1) full week prior to the Scheduling Conference, and shall be e-mailed, in Word format, to **cdborders@caed.uscourts.gov.**

For reference purposes, the Court requires that the Joint Scheduling Report indicate the date, time, and chambers of the Scheduling Conference opposite the caption on the first page of the Report.

Among other things, counsel will be expected to discuss the possibility of settlement.  Counsel shall thoroughly discuss settlement with each other before undertaking the preparation of the Joint Scheduling Report and engaging in extensive discovery.  However, even if settlement negotiations are progressing, counsel are expected to comply with the requirements of this Order unless otherwise excused by the Court.  If the case is settled, the parties **promptly** shall inform the Court and may be excused from the requirement to file a Joint Scheduling Report and appear so long as notice to the Court is made timely.

The parties shall appear at the conference remotely via Zoom video conference, and counsel may obtain the Zoom ID and password from the Courtroom Deputy (CBoren@caed.uscourts.gov) prior to the conference.

At least twenty (20) days prior to the Mandatory Scheduling Conference, counsel for all parties shall conduct and conclude a conference at a time and place arranged by counsel for the plaintiff(s).  This conference should be a personal conference between all counsel but, due to the distances involved in this District, a telephonic or video conference call involving all counsel is permissible.  The Joint Scheduling

/////

Report shall respond to the following items by correspondingly numbered paragraphs:

**Form and Contents of the Joint Scheduling Report**

1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party, presently before the Court.

2. Whether any party intends to seek amendment of a pleading and, if so, a certification that the parties discussed the proposed amendment and the results of the discussion.

3. A summary of the uncontested and contested facts.

4. A summary of the legal issues as to which there is no dispute, i.e., jurisdiction, venue, applicable federal or state law, etc., as well as a summary of the disputed legal issues.

5. The status of all matters which are presently set before the Court, i.e., hearing on motions, etc.

6. A complete and detailed discovery plan addressing the following:

(a) A date for the exchange of initial disclosures required by Fed. R. Civ. P. 26(a)(1) or a statement that disclosures have already been exchanged;

(b) A proposed deadline to complete non-expert discovery;

(c) A proposed deadline for disclosure of expert witnesses as required by Fed. R. Civ. P. 26(a)(2);

(d) A proposed deadline for expert witness discovery;

(e) Any proposed changes in the limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2) (A), (B) or (C); 30(d); or 33(a);

(f) Whether the parties anticipate the need for a protective order relating to the discovery of of information relating to a trade secret or other confidential research, development, or commercial information;

(g) Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery;

(h) Whether the parties anticipate the need to take discovery outside the United States and, if so, a description of the proposed discovery;

(i) Whether any party anticipates video and/or sound recording of depositions;

(j) A proposed date for a Mid-Discovery Status Report and Conference;

/////

/////

3

7. Discovery relating to Electronic, Digital and/or Magnetic data.

Prior to a Fed. R. Civ. P. 26(f) conference, counsel should carefully investigate their client's information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved. Likewise, counsel shall reasonably review the client's computer files to ascertain the contents thereof; including archival and legacy data (outdated formats or media), and disclose in initial discovery (self-executing routine discovery) the computer based evidence which may be used to support which may be used to support claims or defenses.

(A) Duty to Notify. A party seeking discovery of computer-based information shall notify the opposing party immediately, but no later than the Fed. R. Civ. P. 26(f) conference, of that fact and identify as clearly as possible the categories of information which may be sought.

(B) Duty to Meet and Confer. The parties shall meet and confer regarding the following matters during the Fed. R. Civ. P. 26(f) conference:

(i) Computer-based information (in general). Counsel shall attempt to agree on steps the parties will take to segregate and preserve computer-based information in order to avoid accusations of spoliation;

(ii) E-mail information. Counsel shall attempt to agree as to the scope of e-mail discovery and attempt to agree upon an e-mail search protocol. This should include an agreement regarding inadvertent production of privileged e-mail messages;

(iii) Deleted information. Counsel shall confer and attempt to agree whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration; and

(iv) Back-up data. Counsel shall attempt to agree whether or not back-up data may be necessary, the extent to which backup data is needed and who will bear the cost of obtaining back-up data. The Joint Scheduling Report shall summarize the parties conference relating to discovery of electronic data.

8. Dates agreed to by all counsel for:

(a) Filing non-dispositive[1] and dispositive[2] pre-trial motions with the understanding that motions (except motions in *limine* or other trial motions) will not be entertained after the agreed upon date.

/////

---

[1]Motions to compel discovery, amend, remand, etc.
[2]Motions for summary adjudication or to dismiss, strike, etc.

4

(b) Pre-Trial Conference date (at least eight (8) weeks following the proposed date for hearing on any dispositive motions, or, as appropriate, consistent with the presiding judge's standing order).

(c) Trial date (at least eight (8) weeks following the proposed date for the Pre-Trial Conference).

(d) All dates should be considered firm dates and should be set according to the time frames set forth above.

9.  At the conference referred to above, counsel are encouraged to discuss settlement, and the Court will expect a statement in the Joint Scheduling Report as to the possibility of settlement.  Counsel shall indicate when they feel a settlement conference is desired, i.e., before further discovery, after discovery, after pre-trial motions, etc.

10.  A statement as to whether the case is a jury or non-jury case.  If the parties disagree as to whether a jury trial has been timely demanded or whether one is available on some or all of the claims, the statement shall include a summary of each party's position.

11.  An estimate of the number of trial days required.  When counsel cannot agree, each party shall give his or her best estimate.  In estimating the number of trial days, counsel should keep in mind that this court is normally able to devote the entire day to trial.

12.  The case opening documents in this action include important information and a form regarding consent/decline to magistrate judge jurisdiction, or in the case of actions assigned pursuant to Appendix A of the Local Rules, a form to opt-out of magistrate judge jurisdiction. Unless this action is assigned pursuant to Appendix A of the Local Rules, the parties are required to consider whether they will consent to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. section 636(c).  Except in the event this case is assigned pursuant to Appendix A of the Local Rules, the parties must file completed consent/decline forms no later than the date for filing the Joint Scheduling Report (i.e., one week in advance of the Scheduling Conference).  Non-dispositive motions are heard by the Magistrate Judge even where a district judge presides.

13. Removal Cases.  Upon removal, counsel for the removing party shall serve the Complaint, Notice of Removal, Summons, Notice of Assignment to a United States Magistrate Judge and Declination of Consent Form, and all other new case documents upon all opposing parties and all parties who have made an appearance in the originating jurisdiction.  Counsel for plaintiff shall also serve the Complaint, Notice of Removal, Summons, Notice of Assignment to a United States Magistrate Judge and Declination

of Consent Form, and all other new case documents upon all defendants who have not yet made an appearance in the originating jurisdiction.

14. <u>Transfer Cases</u>. Upon transfer, counsel for plaintiff shall serve the Complaint, Notice of Removal (if applicable), Summons, Notice of Assignment to a United States Magistrate Judge and Declination of Consent Form, and all other new case documents upon all parties who have not yet made an appearance in the originating jurisdiction. If Plaintiff wishes to have a summons issued for any unserved defendant(s) in this action, Plaintiff must contact the Clerk's Office for issuance.

15. Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre-trial motions or trial.

16. Whether this matter is related to any matter pending in this court or any other court, including any bankruptcy court.

17. Plaintiff(s) shall e-mail the Joint Scheduling Report, in Word form, to: cdborders@caed.uscourts.gov.

**Should counsel or a party appearing pro se fail to appear at the Mandatory Scheduling Conference, or fail to comply with the directions as set forth above, an ex parte hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.**

DATED:  May 8, 2026                /s/ Christopher D. Baker
                                   United States Magistrate Judge