**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118
*Attorneys for Plaintiff*

**KENDRA L. GRAHAM, COUNTY COUNSEL**
Stephanie Virrey Gutcher (SBN 277833)
Marshall Scott Fontes, Chief Deputy (SBN 139567)
Bryn Allard, Deputy (SBN 362628)
Kern County Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone: (661) 868-3800
Facsimile: (661) 868-3805
Email: sgutcher@kerncounty.com; sfontes@kerncounty.com, ballard@kerncounty.com
*Attorneys for Defendant County of Kern*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARLEN VALADEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KERN; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 1:26-cv-03542-KES-CDB<br><br>*Hon. Mag. Judge Christopher D. Baker*<br><br>**JOINT SCHEDULING REPORT**<br><br><u>Scheduling Conference (Via Zoom):</u><br>Date: August 27, 2026<br>Time: 9:00 a.m.<br>Chambers:<br>Bakersfield Federal Courthouse<br>510 19th Street, Suite 200<br>Bakersfield, CA 93301 |

**TO THE HONORABLE COURT:**

Plaintiff ARLEN VALADEZ and Defendant COUNTY OF KERN (collectively "the Parties"), hereby submit this Joint Status Report pursuant to the Court's May 8, 2026, Order Setting Mandatory Scheduling Conference [Dkt. 4] and July 20, 2026, Order Granting Plaintiff's *Ex Parte* Motion to Continue the Initial Scheduling Conference [Dkt. 8].

**(1) Summary of Claims**

This case arises out of the alleged use of excessive force by Kern County Sheriff's Department deputies against Plaintiff on April 8, 2025. Plaintiff alleges that, while at a restaurant in the Bakersfield area with her son, she experienced an anxiety attack or other mental health crisis due in part to it being the anniversary of her brother's death. Plaintiff further alleges that her son called 911 to request assistance for her. Plaintiff further alleges that sheriff's deputies arrived; handcuffed her and used other force against her, resulting in injury to her including a broken clavicle; and arrested her. Plaintiff alleges that the deputies' use of force against her was not justified and that the deputies lacked probable cause for her arrest.

The names of the involved deputies being unknown to Plaintiff at the time of the filing of her complaint, these defendants are identified in the operative complaint as Does 1-10. Based on the foregoing and other related allegations, Plaintiff asserts federal claims pursuant to 42 U.S.C. § 1983 against the individual deputies under the Fourth Amendment, and against the County of Kern under *Monell*, and also asserts claims against all Defendants under California law for Battery, Negligence, and Violation of the Bane Act (Civ. Code § 52.1). Plaintiff seeks damages, attorney fees, and costs as permitted by law.

Defendants deny liability and assert numerous affirmative defenses.

**(2) Contemplated Amendments to Pleadings**

Plaintiff intends to amend the Complaint to name the involved sheriff's deputies currently identified in the complaint as Doe defendants. Counsel for the

parties discussed this proposed amendment, and the parties anticipate stipulating to the amendment following confirmation of the identities of the involved deputies.

**(3) <u>Contested and Uncontested Facts</u>**

The parties do not contest that the subject incident occurred on April 7, 2025; that Plaintiff's son called authorities to request assistance on behalf of Plaintiff; that Sheriff's deputies responded to Plaintiff's location during the 8 o'clock hour that evening; that Deputy Olivas arrested Plaintiff and transported her to the County jail for booking; and that Plaintiff sustained a broken clavicle during the incident.

The parties dispute the propriety of the involved deputies' conduct toward Plaintiff.

The parties anticipate that initial discovery may need to be completed before all contested and uncontested facts may be identified.

**(4) <u>Disputed and Undisputed Legal Issues</u>**

The parties do not dispute that this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. The parties also do not dispute that this Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution. The parties also do not dispute that venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district, and at least some defendants reside in this district.

The parties dispute whether Defendants violated Plaintiff's rights under federal or California law as alleged in the operative complaint, and whether Defendants' affirmative defenses asserted in the answer are applicable.

/ / /

**(5) Status of Matters Set Before Court**

Besides the scheduling conference, there are currently no hearings or other matters set before the Court in this action.

**(6) Discovery Plan**

(a) Initial Disclosures: The parties will exchange initial disclosures on or by August 20, 2026.

(b) Non-expert discovery: The parties propose a deadline of May 17, 2027, to complete non-expert discovery.

(c) Expert disclosures: The parties propose a deadline of May 24, 2027, to exchange initial expert disclosures, and a deadline of June 14, 2027, to exchange any rebuttal expert disclosures.

(d) Expert discovery: The parties propose a deadline of June 28, 2027, to complete expert witness discovery.

(e) Changes to discovery limits: At this time, the parties do not propose any changes to the limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B) or (C); 30(d); or 33(a).

(f) Protective order: The parties anticipate filing a stipulated protective order to govern the disclosure of records the parties contend are privileged or protected, which may include deputy personnel records and Plaintiff's medical records.

(g) Discovery issues: The parties do not currently anticipate any issues relating to the timing, sequencing, phasing or scheduling of discovery not otherwise addressed in this report.

(h) Discovery outside U.S.: The parties do not anticipate the need to take discovery outside the United States.

(i) Recording depositions: Plaintiff may elect to have depositions of certain defendants (once identified) and certain defense experts (once disclosed) video and/or audio-recorded, based on Plaintiff's evaluation of the needs of the case

at the time of the scheduling of those depositions. Defendants anticipate audio and video recording of both Plaintiff's deposition, and the deposition of Plaintiff's son. Defendants may elect audio and video recording of other witnesses, based on their evaluation of the case as it progresses.

(j) Mid-Discovery Status Report and Conference: The parties propose that a Mid-Discovery Status Conference, if any is to be set, be set for January 15, 2027, with a Status Report to be filed by seven days before the conference.

**(7) Discovery Relating to Electronic, Digital and/or Magnetic data**

The parties have discussed their respective anticipated needs for discovery of materials commonly stored in electronic or digital formats, including the subjects identified on page 4 of the Court's Order Setting Mandatory Scheduling Conference [Dkt. 4].

The Parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case. The Parties agree that documents maintained in electronic format may be produced in hard copy format.

**(8) Dates and Deadlines**

(a) Non-Dispositive and Dispositive Motions: The parties propose a deadline of July 5, 2027, to file pre-trial motions (except motions *in limine* or other trial motions).

(b) Pre-Trial Conference: The parties propose that the Pre-Trial Conference be held on October 4, 2027.

(c) Trial Date: The parties propose that a jury trial in this be set for November 30, 2027.

**(9) Settlement**

The parties have discussed the possibility of settlement, but have not yet been able to determine the likelihood of settlement in this action. The parties are amenable to participating in a mediation or settlement conference following a period of

discovery.

**(10) Jury or Non-Jury Case**

All parties have timely demanded a jury trial. The parties do not dispute that a jury trial is available on all causes of action asserted, subject to the outcome of any pre-trial dispositive motions.

**(11) Trial Estimate**

The parties estimate that the trial of this action will require 3-5 court days.

**(12) Consent to Magistrate Judge Jurisdiction**

The parties have filed completed consent/decline forms, or will do so no later than the date of this filing.

**(13) Removal Cases**

Not applicable.

**(14) Transfer Cases**

Not applicable.

**(15) Bifurcation or Phasing of Trial**

The parties agree and request that any trial in this action be bifurcated, with phase 1 of the trial to determine liability, the amount of non-punitive damages (if any), and Plaintiff's entitlement to punitive damages, and with phase 2 to determine the amount of punitive damages (if any).

**(16) Related Matters**

The parties are unaware of any related matter pending in any court.

/ / /

/ / /

/ / /

**(17) Word Form Submission**

Plaintiff's counsel will email a copy of this report in Word format after the report is filed with the Court.

Respectfully submitted,

Dated: August 19, 2026

**LAW OFFICES OF DALE K. GALIPO**

By *<u>/s/ Benjamin S. Levine</u>*
DALE K. GALIPO
BENJAMIN S. LEVINE
*Attorneys for Plaintiff*

Dated: August 19, 2026

**KENDRA L. GRAHAM,**
**KERN COUNTY COUNSEL**

By *<u>/s/ Stephanie Virrey Gutcher</u>* <u>(as authorized 8/19/2026)</u>
STEPHANIE VIRREY GUTCHER
MARSHALL SCOTT FONTES
BRYN ALLARD
*Attorneys for Defendant County of Kern*