UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLEN VALADEZ,<br>Plaintiff,<br>v.<br>COUNTY OF KERN,<br>Defendant. | Case No. 1:26-cv-03542-KES-CDB<br>**SCHEDULING ORDER** (Fed. R. Civ. P. 16)<br>*Pleading Amendment:* October 26, 2026<br>*Discovery Deadlines:*<br>Non-Expert: May 17, 2027<br>Expert Disclosure: May 24, 2027<br>Rebuttal Expert Disclosure: June 14, 2027<br>Expert: June 28, 2027<br>Mid-Disc. Status Conf.: Jan. 15, 2027, 9:30 AM<br>*Non-Dispositive Motion Deadlines (CDB):*<br>Filing: July 5, 2027<br>Hearing: August 9, 2027, 10:30 AM<br>*Dispositive Motion Deadlines (KES):*<br>Filing: July 5, 2027<br>Hearing: August 16, 2027, 1:30 PM<br>*Pre-Trial Conf. (KES):* January 24, 2028, 1:30 PM<br>2500 Tulare Street, Fresno, CA<br>*Jury Trial (KES):* March 21, 2028, 8:30 AM<br>2500 Tulare Street, Fresno, CA<br>(estimated 3-5 days) |

Plaintiff Arlen Valadez ("Plaintiff") initiated this action with the filing of a complaint against Defendant County of Kern ("County" or "Defendant") on May 7, 2026. (Doc. 1). Plaintiff asserts

claims involving alleged use of excessive force by Kern County Sheriff's Department deputies against Plaintiff on April 8, 2025.

The parties convened via Zoom videoconference for a scheduling conference before Magistrate Judge Christopher D. Baker on August 27, 2026. Benjamin S. Levine appeared on behalf of Plaintiff. Stephanie Virrey Gutcher appeared on behalf of Defendant.

## I. Magistrate Judge Consent

Currently there is no joint consent to Magistrate Judge jurisdiction.

**Notice of Congested Docket and Court Policy of Trailing**

Due to the District Judges' heavy caseload, the adopted policy of the Fresno Division of the Eastern District is to trail all civil cases. The parties are hereby notified that for a trial date set before a District Judge, the parties will trail indefinitely behind any higher priority criminal or older civil case set on the same date until a courtroom becomes available. The trial date will not be reset.

The Magistrate Judges' availability is far more realistic and accommodating to parties than that of the District Judges who carry the heaviest caseloads in the nation and who must prioritize criminal and older civil cases over more recently filed civil cases. A Magistrate Judge may conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.

Therefore, the parties are directed to consider consenting to Magistrate Judge jurisdiction to conduct all further proceedings, including trial, and to file a consent/decline form (provided by the Court at the inception of this case) indicating whether they will consent to the jurisdiction of the Magistrate Judge.

## II. Pleading Amendment

Any motions to amend the pleadings, including to add or substitute parties (including Doe defendants) and/or allegations and claims, must be filed by **October 26, 2026**. Filing a motion and/or stipulation requesting leave to amend the pleadings does not reflect on the propriety of the amendment or imply good cause to modify the existing schedule, if necessary. All proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification

to the existing schedule, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

**III. Discovery Plan and Cut-Off Date**

The parties have exchanged the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

The parties are ordered to complete all discovery pertaining to non-experts on or before **May 17, 2027**, and all discovery pertaining to experts on or before **June 28, 2027**.

The parties are directed to disclose all expert witnesses[1], in writing, on or before **May 24, 2027**, and to disclose all rebuttal experts on or before **June 14, 2027**. The written designation of retained and non-retained experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

A mid-discovery status conference is scheduled for **January 15, 2027, at 9:30 AM** before Judge Baker. Counsel SHALL file a joint mid-discovery status conference report no later than one week before the conference. Counsel also SHALL lodge the joint status report via e-mail to CDBorders@caed.uscourts.gov. The joint status report SHALL outline the discovery counsel have completed and that which needs to be completed as well as any impediments to completing the discovery

[1] In the event an expert will offer opinions related to an independent medical or mental health evaluation, the examination SHALL occur sufficiently in advance of the disclosure deadline so the expert's report fully details the expert's opinions in this regard.

within the deadlines set forth in this order. Counsel SHALL discuss settlement and certify in the joint status report (1) that they have met/conferred regarding settlement, and (2) proposed dates for convening a settlement conference before a U.S. Magistrate Judge.

## IV. Pre-Trial Motion Schedule / Informal Discovery Dispute Conferences

### A. Meet and Confer Requirement

Prior to filing any motion in which the parties are represented by counsel, counsel must comply with any meet and confer requirements governed by the district judge's standing order, if assigned, or if no district judge is assigned, counsel for the moving party must initiate and complete good faith meet and confer efforts with opposing counsel to discuss thoroughly the substance of the contemplated motion and any potential resolution. Counsel should resolve minor procedural or other non-substantive matters during the meet and confer process so that briefing on motions that proceed to hearing are directed only to those substantive issues requiring resolution by the Court. In the notice of motion, counsel for the moving party shall certify that meet and confer efforts have been exhausted and include a summary of meet and confer efforts undertaken.

### B. Pre-Trial Motions

All non-dispositive pre-trial motions, including any discovery motions, shall be filed by **July 5, 2027**, and heard on or before **August 9, 2027, at 10:30 AM**. For these hearings and at the direction of the Courtroom Deputy Clerk, the Court may direct counsel to appear remotely (via Zoom). For hearings noticed to occur in-person, the Court may permit counsel to appear remotely (via Zoom) provided the Courtroom Deputy Clerk receives a written notice of the request to appear remotely no later than five court days before the noticed hearing date.

No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least three days before the first deadline the parties wish to extend.

All dispositive pre-trial motions shall be filed no later than **July 5, 2027,** and heard on **August 16, 2027, at 1:30 PM**. In scheduling such motions, absent consent to Magistrate Judge jurisdiction, counsel SHALL consult the assigned District Judge's general information and calendar accordingly and SHALL comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

///

**C. Written Discovery Motions**

No written discovery motions shall be filed without the prior approval of Judge Baker. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, prior to making any filing, the requesting party promptly shall seek a conference with all involved parties and Judge Baker. To schedule this conference, the parties should contact the Courtroom Deputy Clerk, Cori Boren, at (661) 326-6620 or via email at CBoren@caed.uscourts.gov.

At least two (2) days before the conference, counsel shall file a joint, informal letter brief detailing each party's position. Each party's narrative shall not exceed five pages, excluding exhibits, and shall cite relevant authority in support of the party's position. At the commencement of the conference, if the parties jointly agree to Judge Baker's consideration and resolution of the discovery disputes outside the formal Local Rule 251 procedures, the Court will entertain arguments by the parties and issue a written ruling. If the parties do not jointly agree to the informal discovery dispute resolution procedures set forth herein, the requesting party may then seek relief through motion to compel. Counsel must comply with Local Rule 251 with respect to discovery disputes and certify their compliance in any discovery motion.

No party may request an informal discovery dispute conference unless the request is made sufficiently in advance of the deadline to complete nonexpert discovery such that the Court may grant effective relief during the time remaining for conducting nonexpert discovery. In other words, a party must propound discovery and/or notice depositions early enough that it may grant a reasonable extension to the responding party, complete required meet/confer efforts following any perceived noncompliance, and thereafter seek relief from the Court as necessary such that relief may be awarded without continuing discovery deadlines. A party's failure to comply with these directions and seek a discovery dispute conference sufficiently in advance of the deadline to complete nonexpert discovery may result in denial of the request/motion as untimely.

///

///

///

## V. Motions for Summary Judgment or Summary Adjudication

At least 21 days before filing a motion for summary judgment or motion for summary adjudication, the parties SHALL meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a motion; and 6) to develop a joint statement of undisputed facts.

The moving party SHALL initiate the meeting and SHALL provide a complete, proposed statement of undisputed facts **at least five days before** the conference. The finalized joint statement of undisputed facts SHALL include all facts that the parties agree, for purposes of the motion, may be deemed true. In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion, the moving party SHALL certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer. Failure to comply may result in the motion being stricken.

## VI. Pre-Trial Conference

**January 24, 2028, at 1:30 PM**, located at the United States District Courthouse, 2500 Tulare Street, in Fresno, California, before District Judge Kirk E. Sherriff.

The parties are ordered to file a Joint Pretrial Statement pursuant to Local Rule 281(a)(2). The parties are further directed to submit a digital copy of their pretrial statement in Word format, directly to District Judge Sherriff's chambers, by email at KESorders@caed.uscourts.gov.

Counsels' attention is directed to Rules 281 and 282 of the Local Rules for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules. In addition to the matters set forth in the Local Rules, the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

**VII. Trial Date**

**March 21, 2028, at 8:30 AM**, located at the United States District Courthouse, 2500 Tulare Street, in Fresno, California, before District Judge Kirk E. Sherriff.

A. This is a jury trial.

B. Counsels' Estimate of Trial Time: three to five days.

C. Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**VIII. Settlement Conference**

The parties SHALL meet and confer and notify the Court prior to the Pre-Trial Conference whether they wish to convene a Settlement Conference. In the event the parties request a Settlement Conference, unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms[2] at the conference.

Consideration of settlement is a serious matter that requires preparation prior to the settlement conference. Set forth below are the procedures the Court will employ, absent good cause, in conducting the conference.

At least twenty-one days before the settlement conference, Plaintiff SHALL submit to Defendant via fax or e-mail, a written itemization of damages and a meaningful[3] settlement demand which includes a brief explanation of why such a settlement is appropriate. Thereafter, no later than fourteen days before the settlement conference, Defendant SHALL respond, via fax or e-mail, with an acceptance of

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible, the representative shall have authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

[3] "Meaningful" means the offer is reasonably calculated to settle the case on terms acceptable to the offering party. "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party. If, however, the offering party is only willing to offer a settlement which it knows the other party will not accept, this should trigger a recognition the case is not in a settlement posture and the parties should confer about continuing or vacating the settlement conference via stipulation.

the offer or with a meaningful counteroffer which includes a brief explanation of why such a settlement is appropriate.

If settlement is not achieved, each party SHALL attach copies of their settlement offers to their Confidential Settlement Conference Statement, as described below. Copies of these documents shall not be filed on the court docket.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five court days prior to the settlement conference, the parties shall submit, directly to Judge Baker's chambers by e-mail to CDBOrders@caed.uscourts.gov, a Confidential Settlement Conference Statement. The statement should not be filed with the Clerk of the Court nor served on any other party, although the parties may file a Notice of Lodging of Settlement Conference Statement. Each statement shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The Confidential Settlement Conference Statement shall include the following:

A. A brief statement of the facts of the case.

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C. A summary of the proceedings to date.

D. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E. The relief sought.

F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

## IX. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial

Parties agree and request that any trial be bifurcated with phase 1 to determine liability, the amount of non-punitive damages (if any), and Plaintiff's entitlement to punitive damages, and with phase 2 to determine the amount of punitive damages (if any). (Doc. 11 ¶ 15).

///

**X. Related Matters Pending**

There are no pending related matters.

**XI. Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California, and to keep abreast of any amendments thereto. The Court requires compliance with these Rules to efficiently handle its increasing case load.

**XII. Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

**Failure to comply with this order may result in the imposition of sanctions**.

IT IS SO ORDERED.

Dated: **August 27, 2026**

UNITED STATES MAGISTRATE JUDGE